UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DAVID R. HINKSON, | ) | Case No. CV04-634-S-BLW |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT G. BERNHOFT, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Pending before the Court is Defendant's Motion to Dismiss Count Two and the first prayer for relief for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Docket No. 23). Count Two alleges breach of the implied covenant of good faith and fair dealing.[2] In the first prayer for relief, Plaintiff requests rescission of the contract for legal services between the parties.[3]

The Court grants the motion (Docket No. 23) in part and denies it in part. The Court denies it as to Count Two and grants it as to the first prayer for relief.

---

[1] Fed.R.Civ. 12(b)(6).

[2] Am. Compl. (Docket No. 23 at 3).

[3] *Id.*

## FACTS

In August 2004, Plaintiff retained Defendant Bernhoft to represent him in a criminal matter.[4] Plaintiff agreed to pay defendant a $90,000 non-refundable flat fee to represent him in *U.S.A. v. Hinkson*, CR 04-0127.[5] The parties signed a written retainer agreement.

At their first meeting on August 31, 2004, Plaintiff alleges that the defendant insisted on an additional retainer and that attorney Jeffery Dickstein be substituted as lead counsel.[6] Plaintiff argues that these requests violated the retainer agreement.

Initially, Plaintiff filed a complaint alleging breach of contract, unjust enrichment, rescission, and a claim under the Idaho Consumer Protection Act.[7] The Court granted the defendant's motion to dismiss all of the claims except the breach of contract claim pursuant to Fed.R.Civ. Rule 12(b)(6).[8]

Plaintiff then filed an amended complaint additionally alleging breach of the

---

[4]  *See* Order (Docket No. 22 at 1).

[5]  *Id.*

[6]  *Id.*

[7]  Notice of Removal (Docket No. 1, Ex. B at 3-4).

[8]  Order (Docket No. 22 at 1).

implied covenant of good faith and fair dealing.[9]  The plaintiff again requested rescission of the contract.[10]  Defendant now moves to dismiss the claim for breach of the implied covenant of good faith and fair dealing and the request for rescission.

## DISCUSSION

When ruling on a Rule 12(b)(6) motion to dismiss, the Court must decide whether the facts alleged, if true, would entitle the plaintiff to some form of legal remedy.  Unless the answer is unequivocally "no," the Court must deny the motion.[11]  Thus, a Rule 12(b)(6) dismissal is proper in the absence of a cognizable theory or in "the absence of sufficient facts alleged under a cognizable theory."[12] All disputed facts are construed liberally in favor of the non-moving party.[13]  All reasonable inferences that can be drawn from the record must also be drawn in favor of the non-moving party.[14]

---

[9]   Am. Compl. (Docket No. 23 at 3).

[10]  *Id.*

[11]  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

[12]  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[13]  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

[14]  *Id.*

### A.  The implied covenant of good faith and fair dealing may be alleged as an independent cause of action.

Defendant argues that Count Two should be dismissed pursuant to Rule 12(b)(6) because Count One's breach of contract claim already incorporates Count Two's breach of good faith and fair dealing claim.  Therefore, defendant argues, Count Two is "mere surplusage" and not permitted by Idaho law.[15]  However, as this Court stated in its order allowing Plaintiff to amend his complaint, "Idaho law recognizes a cause of action for breach of an implied covenant of good faith and fair dealing."[16]  In *Jenkins v. Boise Cascade Corp.,*[17] the Idaho Supreme Court permitted the plaintiff to assert separate claims for breach of express contract and breach of the implied covenant of good faith.[18]  The court reviewed each of the

---

[15]   Mem. in Opp'n re Mot. for Recons. to Amend Compl. (Docket No. 21 at 3).

[16]   108 P.3d 380, 389 (Idaho 2005); *See Metcalf v. Intermountain Gas Co.*, 778 P.2d 744 (Idaho 1989).

[17]   108 P.3d at 389.

[18]   *Id.* at 387-90. The defendant relies on *Idaho First Nat'l Bank v. Bliss Valley Foods, Inc.,* 824 P.2d 841 (Idaho 1991), to support his position.  In that case, the court held that no covenant of good faith and fair dealing could be implied when doing so would contradict the express terms of the agreement. *Id.* at 863.  In this case, in contrast, implying a good faith term does not contradict the retainer agreement's express terms.  Thus, *Idaho First Nat'l Bank* does not apply.

plaintiff's claims as independent causes of action.[19]

Thus, under Idaho law, the breach of the implied covenant of good faith and fair dealing is a distinct and independent claim.[20] Consequently, the Court will not dismiss Count Two.

**B. Plaintiff's first prayer for relief has already been dismissed.**

Although this Court dismissed Plaintiff's request for rescission in his original complaint, Plaintiff again prays for rescission in his amended complaint. For the reasons set forth in the Court's Order dated March 16, 2005, Plaintiff's request for rescission is again denied. Plaintiff should be aware that this Court's orders bind him. A motion for reconsideration is the appropriate vehicle for challenging this Court's orders before this Court.

---

[19]    108 P.3d at 387-90.

[20]    *Id.*

## CONCLUSION

In accordance with the Memorandum Decision set out above, the Court grants in part and denies in part Defendant's Motion to Dismiss (Docket No. 23) pursuant to Fed.R.Civ. 12(b)(6).

DATED: October 27, 2005

*/s/ Thomas G. Nelson*

**Honorable Thomas G. Nelson**
**United States Circuit Judge**
**Sitting by Designation**